UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MATTHEW PENNING,

    Plaintiff,

v.

INTRINSICTEL LLC, et al.,

    Defendants,

_____/

Hon. Janet T. Neff

Case No. 1:16-cv-00035

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Application for Entry of Default Judgment (ECF No. 90), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. §636(b)(1)(B). A hearing on the motion was held May 9, 2017.

A summons was returned executed as to IntrinsicTel LLC, Nicholas D. Hawkins, Envision Investments LLC, Infinity Asset Management LLC, Aventis Marketing LLC, Earnest Earvin, IV, Rebecca Anne Patterson, Lesley Anne Rey, Kerry Reddick, Taneka Shantell Reddick, Kristi Reddick Givens   (ECF Nos. 13, 14, 18-23, 28, 29, 39). Defendants failed to answer or otherwise plead, and default was entered pursuant to Fed. R. Civ. P. 55(a) as to Envision Investments LLC, Infinity Asset Management LLC, and Aventis Marketing LLC on May 12, 2016 (ECF No. 48), and on IntrinsicTel LLC, Nicholas D. Hawkins, Earnest Earvin, IV, Rebecca Anne Patterson, Lesley Anne Rey, Kerry Reddick, Taneka Shantell Reddick and Kristi Reddick Givens   on October 27, 2016 (ECF Nos. 69).

Plaintiff, through counsel, appeared for the May 9, 2017 hearing on the motion for default judgment. The defaulting parties did not appear for the hearing or contact the court in any manner.

## THE PARTIES

Plaintiff, Matthew Penning claims that defendants, IntrinsicTel LLC, et al., engaged in conduct in violation of, inter alia, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Defaulting Defendants IntrinsicTel LLC, Nicholas D. Hawkins, Envision Investments LLC, Infinity Asset Management LLC, Aventis Marketing LLC, Earnest Earvin, IV, Rebecca Anne Patterson, Lesley Anne Rey, Kerry Reddick, Taneka Shantell Reddick, Kristi Reddick Givens (hereinafter "Defaulted Defendants") are not minors or incompetent persons. As these Defaulted Defendants have not answered or otherwise pled, the allegations against each and all of them are admitted pursuant to Fed. R. Civ. P. 8(b)(6).[1]

## STANDARD

The rule governing default judgment is Fed. R. Civ. P. 55(b), and reads as follows:

(b) Entering a Default Judgment.

> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a

---

[1] Following the hearing on the Motion for Default Judgment, Plaintiff's counsel filed an affidavit stating that none of the Defaulted Defendants are in the military, nor are they minors, nor incompetent. (ECF No. 94).

default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

Because the default judgment being sought was not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

## DISCUSSION

The facts of the Complaint, as noted, have been admitted by the Defaulted Defendants. These are accurately summarized in Plaintiff's Application for Entry of Default Judgment and are incorporated herein.  (ECF No. 90).

## DAMAGES

As allowed by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, plaintiff requests an award of statutory damages in the amount of $1,000.00 (§1692k(a)(2)(A)).  The FDCPA states that in determining the amount of statutory damages, the court shall consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliant was intentional." § 1692k(b)(1).  As noted in Plaintiff's Application for Entry of Default Judgment (ECF No. 90), Defaulted Defendants have engaged in a pattern of not just negligent, but actually fraudulent conduct in clear

breach of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* The undersigned finds the supporting factors present and recommends that plaintiff receive statutory damages in the amount of $1,000.00.

## FEES AND COSTS

As allowed by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, plaintiff requests an award costs in the amount of $2,240.25 (§ 1692k(a)(3)), and attorney's fees in the amount of $46,160.00. In reviewing the Declaration of Phillip C. Rogers (ECF No. 90), the Court finds that the expenses incurred are authorized by statute. Counsel has established that he expended 115.4 hours on this lawsuit and that he charges $400.00 per hour. Although the amount may seem a little steep for the taking of a default judgment, as noted in Plaintiff's Application and Declaration of Phillip C. Rogers (ECF No. 90), the admitted scheme was a complicated one involving many actors, i.e., defendants. After reviewing the Declaration of Phillip Rogers, the undersigned has concluded that the fees requested are reasonable. The undersigned recommends awarding costs of $2,240.25 and attorney's fees in the amount of $46,160.00.

Date:  June 7, 2017                                                /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).